**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

ROBERT HENRY STEWART, JR., a/k/a
Robert Abney, a/k/a Robert Stewart,
a/k/a Champ Stewart,
Defendant-Appellant.

No. 97-4137

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Charles E. Simons, Jr., Senior District Judge.
(CR-96-1)

Submitted: January 20, 1998

Decided: February 18, 1998

Before WIDENER and HALL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John W. Weeks, Aiken, South Carolina, for Appellant. J. Rene Josey,
United States Attorney, Dean A. Eichelberger, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Henry Stewart, Jr., was convicted by a jury of conspiracy to commit armed bank robbery, 18 U.S.C. § 371 (1994), 18 U.S.C.A. § 2113(d) (West Supp. 1997); armed bank robbery, 18 U.S.C.A. § 2113(a), (d), 18 U.S.C. § 2 (1994); unlawful use of a firearm, 18 U.S.C.A. § 924(n) (West Supp. 1997); and use of a firearm in a crime of violence, 18 U.S.C.A. § 924(c) (West Supp. 1997). Stewart was sentenced as a career offender, see U.S. Sentencing Guidelines Manual § 4B1.1 (1995), to a total of 387 months imprisonment. He challenges the district court's determination that he was a leader in the offense. See USSG § 3B1.1. Stewart has also submitted pro se motions requesting leave to file a supplemental brief and the appointment of new counsel for the purpose of filing a supplemental brief on his behalf. We affirm the sentence imposed and deny the motions for leave to file a supplemental brief and for new counsel.

Stewart robbed a bank in Beech Island, South Carolina, at gunpoint on January 8, 1996. He had previously borrowed a gun from Raheem Smalls. Two accomplices, Kuniaki Miles and Fry Suber, bought bullets for the gun in North Augusta, Georgia, at Stewart's direction. Miles drove Stewart around while he cased several banks. Suber went inside one bank to see whether a security guard was present. After Stewart selected a bank, Miles and Suber waited outside while Stewart robbed the bank. Stewart later divided the money with them and Smalls, keeping more than half of it for himself. Miles and Suber testified at Stewart's trial.

In calculating Stewart's offense level, the probation officer recommended an adjustment for being a leader in the offense. However, because Stewart had two prior convictions for armed robbery, he was sentenced as a career offender. See USSG § 4B1.1. Although the facts would permit us to affirm as not clearly erroneous the district court's

2

determination that Stewart was a leader in the offense, the issue need not be reached at all because the adjustment did not affect the guideline range once the court correctly found that Stewart was a career offender. We therefore affirm the sentence imposed.

While his appeal was pending, Stewart moved for the appointment of new counsel or, in the alternative, for leave to file a pro se supplemental brief. Despite an invitation to file his supplemental brief, Stewart never did so. Instead, he asked that new counsel be appointed to file a supplemental brief on his behalf. We now deny both motions.

In his motion for appointment of new counsel, Stewart asserts that he is mentally incompetent and was so at the time of the robbery; he claims that his attorney was ineffective in failing to request a competency hearing. However, the materials presented on appeal, chiefly the presentence report, provide only very weak support for Stewart's claim of incompetency, and it is not clear whether the relevant information was available to his attorney before the presentence report was prepared. His other claims similarly fail to establish that Stewart has received inadequate representation in the district court or on appeal. Consequently, these claims should be decided in a collateral proceeding rather than on direct appeal. See United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995).

Accordingly, we affirm the sentence imposed and deny the motions for appointment of new counsel and for leave to file a supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3